# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA** )

**v.** ) 2:00-CR-229-JHH-TMP

**LISA NICHOLS** )

### MEMORANDUM OF OPINION REGARDING ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE

The movant, acting by and through counsel, filed the above-styled motion (Doc. #44), on March 7, 2008, asking that this court reduce her sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007, and made retroactive by USSG §1B1.10, effective March 3, 2008.[1]  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **GRANTED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of

---

[1] Although the defendant's motion refers to the crack amendment as "Amendment Nine," it was, in fact, Amendment # 706 by the time the defendant's motion was filed on March 7, 2008.

crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #44) of Lisa Nichols to modify her term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 121-months sentence

---

[2] At this point, the crack amendment had no retroactive application.

imposed upon movant under the two-count indictment which charged her with conspiracy to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), the penalty for both counts being found at 21 U.S.C. § 841(b)(1)(A).[3]  The movant Nichols pleaded guilty to the charges, and she was sentenced on January 19, 2001.  The net weight of the cocaine base was 156 grams.   The 2001 guidelines manual set the base offense level for this amount of crack cocaine at level 34.[4]

     The following chart sets forth the application of the crack amendment to the instant case:

---

[3]Title 21 U.S.C. § 841(b)(1)(A) provides as follows: "In the case of a violation of subsection(a) of this section involving – (iii) 50 grams or more of a mixture and substance ... which contains cocaine base;... such person **shall** be sentenced to a term of imprisonment which may not be less than 10 years or more than life...." (Emphasis added).

[4]With an adjustment for acceptance of responsibility, the total offense level was 31.

|  | <u>Original Sentence</u> | <u>Retroactive Sentence Adjustment</u> |
|---|---|---|
| **Total Offense Level** | 31 | 29 |
| **Criminal History Category** | II | II |
| **Imprisonment Range** | 121-151 months | 120 (mandatory minimum) - 121 months |
| **Departure** | N/A | N/A |
| **Sentence Imposed** | 121 months | 120 months |
| **Rule 35(b)/Remand** | N/A | N/A |
| **Designated Institution** | FMC Lexington |  |
| **Institutional Adjustment** | Began but failed to complete RDAP; completed drug education; completed GED: Infractions: Fighting 7/18/2002; 30 days segregation suspended with 180 days good conduct |  |
| **Projected Release Date** | 5/27/2009 | 4/27/2009 |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant was originally sentenced to the bottom of the correctly-computed guidelines range, 121 months in each count to be served concurrently;

4

    2.    although the plea agreement describes the possibility of a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e), the government did not file said motion;

    3.    as computed in accordance with the amended guideline, in view of the statutory minimum sentence, the bottom of the range is 120 months.[5]

In the motion for reduction of sentence, movant urges this court to reduce her sentence based on *United States v. Booker*, 125 S.Ct. 738(2005) and *Kimbrough v. United States*, 128 S.Ct. 558(2007). Specifically, she requests that this court "depart" to a sentence sufficient enough to satisfy the sentencing factors found at 18 U.S.C. § 3553(a).[6] No where in the motion does the movant acknowledge the existence and authority of the statutory minimum sentence applicable in both counts of conviction. Nor does she mention the absence of a motion pursuant to 18 U.S.C. §3553(e) which would permit the court to sentence below the mandatory minimum sentences.

---

[5] In the absence of the mandatory minimum required by the statute, the guidelines range would have been 97 to 121 months.  Since the government did not file a motion for departure pursuant to 18 U.S.C. §3553(e), the court has no authority to sentence the defendant to a term of incarceration less than 120 months.

[6] The movant also requests that the case be set for oral argument and testimony. Since, however, the court is granting the movant's motion to the extent that it has authority to do so, that request is denied.

Furthermore, the movant's reliance on the reasoning in the *Kimbrough* case is unpersuasive since that case is distinguishable from the instant case. The district court in *Kimbrough*, relying on the advisory nature of the guidelines as announced in the *Booker* decision, went below the correctly-computed guidelines range and sentenced the defendant **to the statutory minimum sentence**. Nothing about the *Kimbrough* decision permits this court to sentence movant below 120 months, the statutory minimum sentence.

U.S.S.G § 1B1.10 (a) provides the authority, including limitations on such authority, for any reduction in the term of imprisonment. *Application Notes* under the *Commentary* for U.S.S.G. § 1B1.10 set forth the factors for a court to consider in determining whether a reduction is warranted, as well as the limitations on the court's authority to grant a reduction in sentence. One of the limitations is the applicability of a statutory minimum term of imprisonment.[7] Although the court in the instant case is not precluded from granting this movant any relief, the court is unequivocally precluded from sentencing the movant below the statutory mandatory minimum sentence. Thus, the court cannot reduce the sentence below

---

[7] U.S.S.G. §1B1.10,comment.(n.1.(A)(ii)) states: <u>Eligibility</u>. – ...Accordingly, a reduction in the defendant's term of imprisonment is not authorized ... if:...(ii)an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or **statutory** provision (e.g., **a statutory mandatory minimum** term of imprisonment). Emphasis added.

120 months, the result being that the movant will receive a one-month reduction in sentence.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of movant.  A separate order reducing the movant's sentence to 120 months will be entered.

A separate order will be entered granting the motion (Doc. #44) as set forth herein.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding.  A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at a trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma*

*pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed.  The Clerk is **DIRECTED** to provide the movant with an application to proceed *in forma pauperis*.

**DONE** this the ___8th___ day of May, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE